IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MURPHY and TONYA MURPHY,

        Plaintiffs,

vs.

JP MORGAN CHASE BANK,

        Defendant.

No. CIV S-11-0017 KJM EFB (TEMP) PS

FINDINGS AND RECOMMENDATIONS

      This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). This matter came on for hearing on April 27, 2011 on defendant's motion to dismiss. Plaintiffs appeared on their own behalf. Lauren Takos appeared on behalf of defendant. Upon review of the documents in support and opposition, and good cause appearing, for the reasons stated herein, the undersigned recommends that defendant's motion to dismiss be granted without leave to amend.

////

////

////

I.      Procedural Background

On January 3, 2011, plaintiffs filed a complaint against defendant.[1]  The complaint does not set forth any specific causes of action but refers to the Truth in Lending Act ("TILA").  Dckt. No. 1.  The complaint also cursorily references fraud and unfair and deceptive practices under 15 U.S.C. § 45.  Dckt. No. 1.  Defendant moves to dismiss the complaint.  Dckt. No. 6.  Plaintiffs have filed an opposition and a reply has been filed thereto.  Dckt. Nos. 11, 15.  On April 26, 2011, plaintiffs also filed a document titled "Motion to Strike and Response to Opposition of Defendant."  Dckt. No. 17.  In that document, plaintiffs do not move to strike any of defendant's pleadings but submit evidence regarding a loan modification.  The court will accordingly construe plaintiffs' April 26, 2011 filing as an unauthorized sur-reply to the motion to dismiss.  Although plaintiffs were not authorized to file a sur-reply, the court has considered the documentation submitted by plaintiffs in making the recommendation below.

II.     Factual Background

In this action, plaintiffs assert claims related to a mortgage loan for real property located at 929 Bess Place, Stockton, California 95206 (the "subject property").  A mortgage loan in the amount of $336,000 was secured by a deed of trust encumbering the subject property.  The loan was transacted on August 31, 2005.  Defendant's Request for Judicial Notice ("Def.'s Req. Jud.

---

[1] Plaintiffs move to proceed *in forma pauperis.*  Dckt. No. 6.  Plaintiff Tonya Murphy states that she is presently employed and that her take-home wages are $1,360 bi-weekly.  Dckt. No. 2.  Plaintiff Robert Murphy states that he is presently employed and that his take-home wages are $1,436 bi-weekly.
    Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court.  28 U.S.C. § 1914(a).  The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  28 U.S.C. § 1915(a).  The amount of plaintiffs' earnings shows that plaintiffs are able to pay the filing fee and costs.  Thus, plaintiffs have made an inadequate showing of indigency.  *See Alexander v. Carson Adult High Sch.*, 9 F.3d 1448 (9th Cir. 1993); *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991); *Stehouwer v. Hennessey*, 841 F. Supp. 316, (N.D. Cal. 1994).  Plaintiffs will therefore be granted twenty-one days in which to submit the appropriate filing fee to the Clerk of the Court.  Plaintiffs are cautioned that failure to pay the fee will result in a recommendation that the application to proceed in forma pauperis be denied and the instant action be dismissed.

Ntc."), Dckt. No. 10-1, Ex. 1.[2]  The deed of trust identifies Finance America, LLC as the lender, Julia L. Greenfield, Esq. as the trustee, Mortgage Electronic Registration Systems, Inc. as the beneficiary, and plaintiffs as the borrower.  *Id.*  The beneficial interest was subsequently assigned to U.S. Bank National.  *Id.*, Ex. 6.  A modification of the loan was subsequently entered into and signed by plaintiffs on November 27, 2009 and by Mortgage Electronic Registrations Systems, Inc., as nominee for the Lender Chase Home Finance, LLC.  Dckt. No. 17, p. 30.

III.     Motion to Dismiss

    A.     Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[2] Defendant's request for judicial notice is granted.  Judicial notice may be taken of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).  A court may also take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party

4

must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation and quotation marks omitted).). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

      B.      <u>Analysis</u>

Defendant contends any claim for damages under TILA is barred by the statute of limitations. Defendant also contends the complaint fails to state a rescission claim under TILA because the loan at issue is a purchase money loan and rescission is not an available remedy under the statute. Defendant further contends that no private right of action is conferred under 15 U.S.C. § 45 and that any allegations of fraud are not set forth with sufficient particularity. Defendant's contentions are well-taken.

The documents of which this court may take judicial notice establish that the loan at issue is a purchase money loan and that the loan was transacted on August 31, 2005. Def.'s Req. Jud. Ntc. Ex. 1. This action was filed January 3, 2011, more than five years after the loan was

5

transacted.  TILA provides that a plaintiff can bring an action to recover damages "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Plaintiffs brought this action more than four years after consummation of the loan; accordingly, their TILA damages claim is time-barred.  In the sur-reply, plaintiffs have submitted an unauthenticated copy of a modification of the original loan.  Assuming plaintiffs are attempting to allege a TILA damage claim based on the modification of the loan, such a claim is still time barred in that the instant action was filed more than one year after the modification agreement was entered into.  Dckt. No. 17, p. 30.

At oral argument, plaintiffs asserted that they are entitled to equitable tolling of the statute of limitations.  Although in certain circumstances, equitable tolling of the statute of limitations for civil damages claims brought under TILA might be appropriate, those circumstances are not presented here.  The doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit terms so that the consumer will be able to . . . avoid the uninformed use of credit."  *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986) (quoting 15 U.S.C. § 1601(a)).  Plaintiffs argue that they did not discover the facts giving rise to their TILA damage claim until they began to investigate in June, 2010 the terms of the loan modification.  Other than this broad statement, plaintiffs offer no basis for their claim that the statute should be tolled.  Plaintiffs provide no explanation as to why plaintiffs could not otherwise have discovered the alleged TILA violation at the time of signing the loan modifications.

Accordingly, because plaintiffs have not pleaded any factual bases for equitable tolling that might salvage a claim for damages under TILA (and do not suggest such facts in the opposition or sur-reply), the doctrine does not apply and the TILA claim is time-barred.  *See, e.g., Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1052-53 (E.D. Cal. 2009) (TILA claims dismissed and court declined to apply equitable tolling where plaintiff failed

6

to identify potential barrier to timely bringing suit); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1104-05 (9th Cir. 2006) (declining to apply equitable tolling where plaintiffs failed to allege that "extraordinary circumstances" made it "impossible" to file claims on time).

Plaintiffs' claim for rescission is not available under TILA because the transaction for which plaintiffs seek rescission was a "residential mortgage transaction," within the meaning of section 1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[3] and was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to § 1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in section 1602(w) of this title"). *See also* 12 C.F.R. § 226.23 (f) (exempting residential mortgage transactions from rescission rights). As such, defendant's motion to dismiss plaintiffs' TILA claims should be granted without leave to amend.

To the extent plaintiffs are trying to make a claim under 15 U.S.C. § 45, such a claim cannot lie because no private right of action is conferred under that statute for claims of unfair or deceptive practices. *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973). It appears plaintiffs have abandoned this claim in that neither the opposition nor sur-reply present any argument to support this claim. The motion to dismiss this claim should be granted without leave to amend.

In the complaint, plaintiffs also allege fraud in a cursory manner. The elements of a fraud claim under California law are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255, 203 P.3d 1127, 1135 (2009); *accord Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 909 P.2d 981, 984

---

[3] 15 U.S.C. § 1602(w) provides: "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Accord* 12 C.F.R. § 226.2(a)(24).

(1996). In addition, as stated above, a claim for fraud must be pled with particularity, *see* Fed. R. Civ. P. 9(b). At the very least, a plaintiff alleging fraud must plead evidentiary facts such as the time, place, persons, statements, and explanations of why allegedly misleading statements were misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988). *See also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Lazar*, 12 Cal. 4th at 645 (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)). *See also Spencer v. DHI Mortgage Co.*, No. CV F 09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009).

Here, the allegations in plaintiffs' complaint do not support a claim of fraud. Plaintiffs fail to identify any misrepresentation that could provide the basis for such a claim. Plaintiffs' fraud claim fails to plead even minimal evidentiary facts, and plaintiffs have not demonstrated that they can allege such facts against defendant. Moreover, the complaint does not meet the particularity requirement of Rule 9(b). The complaint does not even allege fraud as a cause of action and certainly does not specify the who, what, when, where, and how of any misconduct charged. Plaintiffs' vague allegations of fraud in the opposition are insufficient to meet the particularity in pleading requirements. Because it appears that amendment would be futile, the motion to dismiss should be granted without leave to amend.

////

////

IV.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' motion to strike, Dckt. No. 17, is construed as a sur-reply to the motion to dismiss.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 10, be granted; and

2. The Clerk be directed to close this case.[4]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Additionally, although plaintiffs move to proceed *in forma pauperis*, Dckt. No. 6, the amount of plaintiffs' earnings shows that plaintiffs are able to pay the filing fee and costs. Therefore, plaintiffs' motion to proceed *in forma pauperis* is denied.  28 U.S.C. § 1915(a); *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448 (9th Cir. 1993); *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991); *Stehouwer v. Hennessey*, 841 F. Supp. 316 (N.D. Cal. 1994).  Ordinarily, the court would direct plaintiffs to pay the required filing fee to proceed with this civil action.  However, in light of the dispositive recommendation contained herein, the court declines to do so in this instance.